IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC, | ) ) ) | Case No. 10-CV-00091-MMB |
| Appellant, | ) ) | |
| v. | ) ) | |
| VISTEON CORPORATION, *et al.* and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VISTEON CORPORATION, *et al.* | ) ) ) ) ) | |
| Appellees. | ) ) | |
| In re: | ) ) | On Appeal from U.S. Bankruptcy Court |
| VISTEON CORPORATION, *et al.*, | ) ) | Chapter 11 |
| Debtors. | ) ) | Case No. 09-11786 (CSS) (Jointly Administered) |

ORDER

Upon the appeal of the IUE-CWA, Industrial Division of the Communications Workers of America, AFL-CIO, CLC ("IUE-CWA"), of the Order under 11 U.S.C. §§ 1105, 363(b)(1) and 1108 Authorizing Debtors To Amend Or Terminate Post-Employment Health Care And Life Insurance Benefits For Certain Employees and Retirees and Their Surviving Spouses, Spouses, Domestic Partners, and Dependents entered by the United States Bankruptcy Court for the District of Delaware on December 22, 2009 (the "Order"); and upon the appeal of the United States Bankruptcy Court for the District of Delaware's denial of the IUE-CWA's Motion for Stay Pending Appeal of the Order (the "Motion for Stay"); and upon the record of the hearing

held on March 30, 2010; and the parties having consented to the Court's simultaneous resolution of the merits of the IUE-CWA's appeal of the Order and the Motion for Stay based on the record without further briefing; and this Court having jurisdiction to consider the Appeal and the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 158 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The IUE-CWA's Appeal of the Order (D.I. 1) is hereby **DENIED** for the reasons stated on the record at the hearing on March 30, 2010 and the December 22, 2009 Order is **AFFIRMED**.

2. The IUE-CWA's Motion for a Permanent Stay Pending Appeal (D.I. 7, 8) is hereby **DENIED**. However, the Motion for a stay of the December 22, 2009 Order is hereby **GRANTED** until April 30, 2010 only to the following extent:

   a. During the term of this **STAY** the IUE-CWA shall seek an expedited appeal of this order to the United States Court of Appeal for the Third Circuit.

   b. During the term of this **STAY**, Visteon Corporation, et al. ("Visteon") shall do as follows with respect to the Post-Employment Health Care Benefits for Retirees and their Surviving Spouses, Spouses, Domestic Partners, and Dependents represented by the IUE-CWA who are not eligible for Medicare (collectively "the Retirees"):

   i. With respect to the IUE-CWA represented non-Medicare eligible Retirees who have elected and paid for COBRA coverage to begin April 1, 2010, Visteon shall reimburse these Retirees for the cost of one month's COBRA premiums within a reasonable time after the date of entry of this order.

      ii.    With respect to the IUE-CWA represented non-Medicare eligible Retirees who have chosen health insurance coverage from another provider and have not elected COBRA coverage, Visteon shall reimburse these Retirees for the cost of one month's health insurance premiums within a reasonable time after Visteon's receipt from the retiree of proof of payment for such other health insurance.

      iii.    With respect to the IUE-CWA represented non-Medicare eligible Retirees who, as of the date of the entry of this order, have not elected and paid for COBRA coverage and have not secured health insurance coverage from another provider, the IUE-CWA shall advise all Retirees in writing that they are eligible for Visteon COBRA coverage, with no premium for the month of April 2010, those costs to be borne by Visteon. In advance of sending such written notice to Retirees, the IUE-CWA shall provide a copy of the written notice to Visteon for its approval. Visteon shall not unreasonably withhold approval of the IUE-CWA's notice.

3.    No bond is required to be posted.

4.    This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Date: 3/31/10

Michael M. Baylson,
United States District Court Judge